```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
NORMAN N. KINEL,                     |
                                     |
            Plaintiff,               |
                                     |
    -against-                        |
                                     |
SHERMAN ACQUISITION II, LP, SHERMAN  |
ACQUISITION, LP, SHERMAN FINANCIAL   |
GROUP LLC, ALEGIS GROUP L.P.,        |    05 Civ. 3456 (KMW)
ALEGIS GROUP LLC, TRANSUNION LLC,    |
EXPERIAN INFORMATION SOLUTIONS,      |    OPINION AND ORDER
INC., EQUIFAX, HOUSEHOLD BANK (SB),  |
N.A., NORTH AMERICAN COLLECTORS,     |
INC., WOLPOFF & ABRAMSON, L.L.P.,    |
FORSTER & GARBUS, FINANCIAL          |
RECOVERY SERVICES, INC., and LEVITZ  |
FURNITURE CORPORATION,               |
                                     |
            Defendants.              |
-------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

Plaintiff Norman N. Kinel brought this action claiming that Defendants had engaged in abusive debt collection practices following his alleged purchase of a chair and matching ottoman. Defendant Wolpoff & Abramson, L.L.P. ("W&A") moved to dismiss Count Nine of the Amended Complaint (the sole count in which it is named), which claims that W&A failed to communicate the disputed status of Kinel's alleged debt, in violation of 15 U.S.C. § 1692e. By amended report and recommendation dated February 28, 2006 (the "Report"), Magistrate Judge Theodore H. Katz recommended that W&A's motion be denied. W&A objected to this recommendation. Because the Court agrees with the Report, the motion is denied.

1

**LEGAL STANDARDS**

Because W&A has objected to the Report, the Court reviews W&A's motion de novo.  28 U.S.C. § 636(b)(1).

W&A has moved to dismiss Count Nine for failure to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6). In weighing the motion, the Court must accept as true all the factual statements alleged in the Amended Complaint and draw all reasonable inferences in favor of Plaintiff, the nonmoving party. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).

**DISCUSSION**

Plaintiff alleges that W&A violated Section 807 of the Fair Debt Collection Practices Act, which bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Among the conduct prohibited by the statute is "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  Id. § 1692e(8).

Plaintiff has stated a valid claim under this section.  He alleges that W&A is a debt collector within the meaning of the statute (Am. Compl. ¶ 21); that the debt was disputed (id. ¶ 35);

2

that Plaintiff informed W&A of the disputed nature of the debt (id. ¶¶ 59-60); and that W&A, in turn, "failed to communicate that the Alleged Debt was disputed" (id. ¶ 61). The Report also found, correctly, that it can reasonably be inferred from Plaintiff's allegations that W&A communicated Plaintiff's credit information to another person: W&A's clients, the Sherman Defendants. (Report 42.)[1] Plaintiff has thus alleged all the elements of a claim under the statute.

Section 1692e(8) is not limited to communications with credit reporting agencies, as W&A argues.[2] The statute applies to communications with "any person." 15 U.S.C. § 1692e(8); accord id. § 1692a(2) (defining "communication" as "conveying of information regarding a debt directly or indirectly to any person through any medium" (emphasis added)). Nothing in the Federal Trade Commission's commentary on the statute contradicts the

---

[1] Given these factual allegations, some of W&A's objections to the Report are irrelevant. For instance, it is immaterial whether Section 1692e(8) imposed on W&A an affirmative duty to initiate a communication about the disputed status of Plaintiff's debt, in light of the reasonable inference that W&A did communicate with the Sherman Defendants about Plaintiff's credit information.

[2] W&A incorrectly states that no court has ever interpreted Section 1692e(8) as applying to communications with a party other than a credit bureau or credit reporting agency. (W&A Objection to Report 4 (citing Black v. Asset Acceptance, LLC, No. 1:05-CV-1588-BBM, 2005 U.S. Dist. LEXIS 43264 (N.D. Ga. Dec. 9, 2005)).) In Fasten v. Zager, 49 F. Supp. 2d 144 (E.D.N.Y. 1999), for instance, the court found that the defendant had violated Section 1692e(8) by communicating false information to the debtor-plaintiff himself. Fasten, 49 F. Supp. 2d at 150.

clarity of the statutory text.[3]  In fact, the FTC notes that

> [p]rohibited actions are not limited to the sixteen subsections listed as examples of activities that violate this provision.  In addition, section 807(10), which prohibits the "use of any false representation or deceptive means" by a debt collector, is particularly broad and encompasses virtually every violation, including those not covered by the other subsections.

Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,105 (Dec. 13, 1988), available at 1988 WL 269068.  If a jury accepted Plaintiff's allegations as true, it could reasonably find that W&A's communications to the Sherman Defendants were false or deceptive by virtue of their failure to state that Plaintiff's debt was disputed.

---

[3] W&A cites two provisions of the FTC commentary, but neither sheds light on the meaning of "any person" in Section 1692e(8).
    First, W&A cites a comment on 15 U.S.C. § 1692c(b) that states, "An attorney who represents either a creditor or debt collector that has previously tried to collect an account may communicate his efforts to collect the account to the debt collector. . . . [C]ommunications between these parties (even if the attorney is also a debt collector) are not forbidden."  Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,104 (Dec. 13, 1988), available at 1988 WL 269068.  This comment states that communications between debt collectors and their attorneys are not, in themselves, forbidden; it is silent with respect to the legality of false communications between debt collectors and attorneys.
    Second, W&A cites a comment on Section 1692e(8): "Disputed debt. If a debt collector knows that a debt is disputed by the consumer, either from receipt of written notice (section 809) or other means, and reports it to a credit bureau, he must report it as disputed." Id. at 50,106.  W&A argues that the phrase "reports it to a credit bureau" means that only this scenario, and no other, is contemplated by the FTC's interpretation.  But the comment purports to define "disputed debt," not "any person," and there is no reason to believe that the example of reporting a debt to a credit bureau was meant to be restrictive rather than illustrative.

**CONCLUSION**

For the reasons stated above, W&A's motion to dismiss (docket number 74) is DENIED.

SO ORDERED.
Dated:   New York, New York
         July 13, 2007

                                                       Kimba M. Wood
                                          United States District Judge

5